**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA ELIZABETH MIRANDA-VILLAMIL; BRYAN STANLEY ANGEL-MIRANDA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72176 <br><br> Agency Nos. A094-927-653 <br> A094-927-652 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Yolanda Elizabeth Miranda-Villamil and Bryan Stanley Angel-Miranda,

natives and citizens of El Salvador, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

We do not consider the articles attached to petitioners' opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not that they would be tortured by or with the consent or acquiescence, including the awareness and willful blindness, of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

In denying petitioners' asylum and withholding of removal claims, the agency found petitioners failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077

(9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand petitioners' asylum and withholding of removal claims to determine the impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**